## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                    Case No. 2:21-cr-20213-MSN-atc

COURTNEY MILLER,

     Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## ORDER DENYING DEFENDANT COURTNEY MILLER'S MOTION TO SUPPRESS

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("Report"), entered April 26, 2022.  (ECF No. 87.)  The Report recommends that the Motion to Suppress ("Motion") filed by Defendant Courtney Miller ("Defendant"), (ECF No. 72), be denied. Neither the Defendant nor the United States filed an objection to the Report, and the time for filing objections has expired.[1]  For the reasons set forth below, the Report is **ADOPTED**, and the Motions is **DENIED**.

### STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings and enter on the record a recommendation for disposing of the matter, including any proposed findings

---

[1] The Report was entered April 26, 2022.  (ECF No. 87.)  Thus, the parties had until Monday, May 10, 2022 to file objections.  *See* Fed. R. Crim. P. 45(a)(1)(C).

of fact." Fed. R. Crim. P. 59(b)(1). Should a party file timely objections to the recommendation, the district court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections. Fed. R. Crim. P. 59(b)(2).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") The Court need not review—under a *de novo* or any other standard—those aspects of a report and recommendation to which no objection has been made. *Arn*, 474 U.S. at 150–52. "While most actions by a Magistrate Judge are reviewed for clear error, proposed recommendations on motions to suppress evidence in criminal matters are subject to *de novo* review." *United States v. Matlock*, No. 2:14-cv-020075-JTF-dkv, 2015 U.S. Dist. LEXIS 12444, at *3–4 (W.D. Tenn. 2015); *see United States v. Quinney*, 238 F. App'x 150, 152 (6th Cir. 2007).

2

## FINDINGS OF FACT

In her Report, Magistrate Judge Christoff articulates proposed findings of fact.  (*See* ECF No. 176 at PageID 453–57.)  The Court **ADOPTS** and incorporates those proposed findings of fact.

## DISCUSSION

The Court reviews the Report for clear error because neither party has filed objections to the Magistrate Judge's recommendation that the Motion to Suppress be denied.  "The Due Process Clause prohibits the use of identifications which under the totality of the circumstances are impermissibly suggestive and present an unacceptable risk of irreparable misidentification." *Carter v. Bell*, 218 F.3d 581, 605 (6th Cir. 2000).  Defendant's Motion challenged the photo array lineup presented to Jeremy Rice-Stampley ("Rice-Stampley"), the Dollar Tree cashier who encountered Defendant during the robbery of that particular store.  Specifically, Defendant argued that the photospread was impermissibly suggestive because: "(1) Mr. Miller's face appears to be larger than the other 5 faces (2) Mr. Miller's image appears to be much darker than the other faces and (3) Mr. Miller is over 2 years younger in age than the next closest person on the photospread." (ECF No. 72 at PageID 117.)  He further asserts that Rice-Stampley rendered an unreliable identification based on (1) the length of time (10 days) that passed between the robbery and identification and (2) his "vague description" of the individual who served as the "lookout" during the robbery.  (*Id.*)

### A.      The Lineup Was Not Impermissibly Suggestive

Applying *Carter*, the Court recognizes that for a photo array identification to be "'impermissibly suggestive,' the procedure must 'give rise to a very substantial likelihood of irreparable misidentification.'"  *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2559, (2018) (quoting *Neil*

3

*v. Biggers*, 409 U.S. 188, 197, (1972)); *see Wingate v. United States*, 969 F.3d 251, 260 (6th Cir. 2020); *Thigpen v. Cory*, 804 F.2d 893, 895 (6th Cir. 1986).  This Court reviews the Magistrate Judge's Report *de novo*.  *See Quinney*, 238 F. App'x at 152.

*Initially*, the Report describes the photo array in detail, specifically the lighting, face sizes, photograph angles, shading, as well as the age and facial features of the individuals depicted.  (ECF No. 87 at PageID 186.)  Although the Report notes "some difference in the width of the faces," it concludes that Defendant's "face falls somewhere in the middle—neither the widest nor the narrowest."  (*Id.*)  Indeed, details like slight variations in the photographed individuals' eyes do not overcome other substantial similarities between the images.  *See, e.g.*, *United States v. Sullivan*, 431 F.3d 976, 985 (6th Cir. 2005) (photo array not impermissibly suggestive just because defendant was the only suspect with noticeably blue eyes and the robber was described as also having blue eyes).

*Next*, the Report aptly points out that, while some photographs in the array appear darker than others, the Sixth Circuit has made clear that a "darker hue or different colored background does not 'in [itself] create an impermissible suggestion that the defendant is the offender.'"  *United States v. McComb*, 249 F. App'x 429, 440 (6th Cir. 2007) (quoting *United States v. Burdeau*, 168 F.3d 352, 358 (9th Cir. 1999)).  *Further*, Defendant argues that he "is over 2 years younger in age than the next closest person on the photospread," but does not explain either (a) how this fact prejudiced Rice-Stampley's identification or (b) whether any facts suggest that Rice-Stampley even knew the ages of anyone pictured.  (ECF No. 72 at PageID 117.)  The Magistrate Judge disposed of this argument on these grounds and this Court has not been presented with, nor can it discern, any reason to depart from her conclusion of law — particularly when it is not a novel

conclusion. *See United States v. Wiggins*, 3:19-cr-02096, 2021 WL 1251851, at *3 (M.D. Tenn. 2021). Therefore, the Court **ADOPTS** the Report as to the first *Carter* prong.

**B.     The Identification Was Reliable**

Turning to the second *Carter* prong, the Court must determine whether Rice-Stampley's identification "present[s] an unacceptable risk of irreparable misidentification." 218 F.3d at 605. "In assessing the reliability of the identification, [courts] consider five factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of observation; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness when confronting the defendant; and (5) the length of time between the crime and the confrontation." *Ledbetter v. Edwards*, 35 F.3d 1062, 1070–71 (6th Cir. 1994) (citing *Biggers*, 409 U.S. at 198.) "[R]eliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977).

Here, the Magistrate Judge conducted a detailed analysis of each factor in her Report to which Defendant did not object. At the outset, the Court notes that, absent objection, the Magistrate Judge's conclusions must be afforded great deference absent a clear legal error. *See Arn*, 474 U.S. at 150–52. The Magistrate Judge applied the correct legal test to assess reliability in this matter and reached a conclusion that the Court has no reason to reject. Defendant argued before the Magistrate Judge that Rice-Stampley provided a "vague description" and "approximately 10 days passed before the witness spoke with law enforcement and viewed the photospread." (ECF No. 72 at PageID 117.) But, as the Report aptly observes, the law recognizes such "sparse" descriptions as reliable when "not inaccurate." *Howard v. Bouchard*, 405 F.3d 459, 473 (6th Cir. 2005). Moreover, Rice-Stampley "had reason to pay attention to the [Defendant] because [he] was not a disinterested bystander." *Armstrong v. Rapelje*, No. 13-12886, 2015 U.S.

5

Dist. LEXIS 148941, at *23 (E.D. Mich. 2015) (citing *Id.* at 4.)  Defendant has not presented any new facts or legal argument to the contrary that has not already been addressed by the Magistrate Judge.  Similarly, but regarding the length of time *Biggers* factor, the ten (10) days that passed pales in comparison to what the Sixth Circuit has found reliable in previous cases.  *See e.g.*, *United States v. Peterson*, 411 F. App'x 857, 865 (6th Cir. 2011) (affirming district court's reliability finding for an identification that occurred "one year and eight months" after the crime); *Bouchard*, 405 F.3d at 473 (finding three months to be "not a great length of time between an observation and identification");  *Flowers v. Tribley*, No. 10-13303 2013 WL 1285917, at *20 (E.D. Mich. 2013) (two months between observation and identification does not undercut reliability).  Therefore, and without any objection by Defendant, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as to the second *Carter* prong on reliability.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court **ADOPTS** the Report's proposed findings of fact and proposed conclusions of law in their entirety. Defendant Courtney Miller's Motion, (ECF No. 72), is **DENIED**.

**IT IS SO ORDERED**, this 12th day of May 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE